McFarland, J.,
delivered the opinion of the court.
The complainants have appealed from the decree of the Chancellor upon a demurrer to the bill.
From the great mass of statements contained in the bill, much of which is irrelevant, we extract the following as embracing the grounds upon which the right to relief must be determined:
Junius W. Craig died in the State of Kentucky-on the 7th of September, 1858. His domicile at the time of his death was in the State of Arkansas. He left a very large estate situated in the States of Arkansas, Kentucky, and Tennessee. A contest soon arose in Arkansas over papers propounded as the will of said Craig, and pending this contest Joshua M. Craig was appointed administrator pendente lite in that State. This contest was ended in October, 1866, by the establishment of a will, and Emma C. Wright, one of the executors named therein, qualified and took charge of the estate, relieving the administrator pen-dente rlite.
The complainants in the present case, who claim to be the creditors of • said Craig’s estate to a very large amount, set forth in detail the various steps in these proceedings, showing that their claims were filed in the Probate Court of Chicot County, Arkansas, and were classified according to the laws of that State, which they aver was equivalent to a judgment there. From the loss of assets and other causes, they are now not likely to realize from the Arkansas administration a very large part of their claims.
*445 "While these proceedings were in progress, to-wit, on the 5th of December, 1860, one of the present defendants, P. G. Meath, filed his bill in the chancery court at Memphis, claiming to be a creditor of Craig’s estate, and praying for and obtaining an attachment against the property of Craig in this State. This bill, in behalf of the complainant and other creditors, prayed also for the appointment of an administrator by the Chancellor, under sections 2209-2211 of the Code, and for the administration of the estate in Tennessee under these provisions.
Upon the filing of this bill, James W. Heath was, by the Chancellor, appointed administrator of the estate, and qualified and became a party defendant to the bill.
During the progress of this case, it appears that Emma C. Wright, after having been qualified as the executrix of the will in Arkansas, took out letters of administration in Tennessee upon the estate of Craig in the month of January, 1867, and that on the 25th of February, 1867, an order was made in the suit before mentioned, of P. G. Meath, then pending in the chancery court at Memphis, suggesting this fact and making Emma C. Wright, as administratrix, a party defendant.
The statements of the bill, and the record accom-. panying it, do not show satisfactorily how Emma C. Wright became the personal representative of Craig’s estate in Tennessee. It is not averred or otherwise shown that Heath resigned or was removed, or that Emma C. Wright was appointed in his stead; nor *446 Roes the order making her a party to Meath’s bill show that she became a party in the place of Heath, or that Heath was dismissed from the cause. The order simply made her a party defendant.
This cause of P. G. Meath progressed to a hearing on the 5th of March, 1868, and there was a decree in favor' of Meath for the amount of his debt, and a reference as to the only other debt that had been filed, and a decree also for the sale of the land, which was the only estate of said Craig in Tennessee. From this decree the defendants appealed to the supreme court, and while the case was pending in the supreme court, on the 16th of February, 1870, the present bill was filed. It makes defendants only Emma C. Wright, as executrix, and P. G. Meath. The prayer, in substance, is, that the complainants be allowed to come in for an equal participation in Craig’s estate in Tennessee with Meath and the other creditor who had filed his claim, — proposing to account for the pro rata that they' may receive from the Arkansas administration.
"Various grounds of demurrer were assigned.
The decree of the Chancellor sustained the demurrer so far as to adjudge that complainants could not disturb the rights of Meath under his bill;' that they could not come in with Meath for an equal participation in the assets; that they are barred by the statute of limitations from, obtaining this relief; but as to the surplus of the assets which might come to the hands of Emma C. Wright and her husband, against whom the case had been revived, after paying the *447 debts ascertained under Meath’s bill, the complainants would be entitled to their proportion; and for this purpose the case was retained.
From this decree the complainants appealed.
It is assumed in argument that Heath, who was appointed administrator under Meath’s bill, was only an administrator pendente lite, not liable to be sued, in whose favor therefore the statute of limitations did not run, as in favor of a general administrator.
This position, we think, is not correct. Such an administration when properly granted by the chancery court, is intended to be general in its character, and to effect a full and complete administration of the estate. The mode of conducting the administration, however, is pointed out by the act. It is to be conducted in the same manner as the administration of an insolvent estate. See Code, sec. 2219. In this it differs from an ordinary administration. The administrator thus appointed, however, is not an administrator pendente lite, but a general administrator, and represents the estate, and unless upon his resignation or his removal there could not properly be another administration granted. The proceeding under Meath’s bill, under 'the provisions of the Code referred to, contemplated a complete administration of Craig’s estate in Tennessee, to be conducted under the rules applicable to insolvent estates.
Does the statute of limitations in favor of personal representatives protect such administrators?
We suppose that there can be no doubt that the statute of limitations in favor of personal representa- *448 lives is as fully operative in favor of an administrator of an insolvent estate as of any other administrator. And the statute is not affected by the pendency of an insolvent bill, nor by the orders or notices on creditors to file their claims. The claims must be presented and filed' in the manner pointed out, within the period of limitation fixed for the prosecution of actions against personal representatives, or they will be barred. This was held by this court in the case of Miller v. Taylor, 6 Heis., 465, and also in two other cases unreported; and such is the reasoning in Reid v. Huff, 9 Hum., 345. See Code, 2376.
It is argued in this case that as no notice was published by the administrator, as required by the statute, notifying creditors to file their claims, for the want of this, the bar has not been formed. It has several times been held that these provisions as to giving notice to creditors to file their claims are merely directory, and that the failure to give the notice does not relieve creditors from the operation of the statute of limitations. Hooper v. Bryant, 3 Yer., 1: Chrabangh v. Hart, Ib., 431; Atkinson v. Settle, 5 Yer., 299.
The complainants, being non-residents, were required to bring their action, where the cause of action • occurred in the life-time of the deceased, as in this case, within three years from the qualification of the personal representative. Code, 2784. It has been held, however, in construing this section with section - 2274, exempting the personal representative from suit for six months, that the three years is to be estimated *449 from the expiration of six months from the qualification of the representative. Maynard v. May, 2 Col., 44.* Heath was appointed administrator, as before stated, on the 5th of December, 1860.
Conceding for the argument that the bar of the statute was not complete before the suspension of its operation by the constitutional provision of 1865, and the act thereunder; and conceding, further, that under these provisions the complainants were entitled to the full time within which to sue after the 1st of January, 1867; still, this bill was not filed until the 16th of February, 1870, more than three years from the 1st of January, 1867.
It is argued that, under the authority before referred to, of Maynard v. May, 2 Col., 44, the complainants were entitled to the three years and six months from the 1st of January, 1867; but this is not correct. Although the statute barring suits against personal representatives was suspended until that time, yet there was nothing to prevent suits being brought against them (when the courts were open) after the lapse of six months from the grant of administration, and prior to the 1st of January, 1867. So that where the administrator had been qualified more than six months before the 1st of January, 1867, as in this case, then the creditor had only two, or if a nonresident three, years from the 1st of January, 1867, *450 in which to sue. This proposition was decided by this court in an unreported case at a former term.
This result is not changed by the allegation that Emma C. Wright became the personal representative in Tennessee only in January, 1867.
There might be some question as to whether the allegations of the bill and the record show with sufficient certainty that Emma C. Wright properly became the representative in Tennessee. The only ground upon which this assumption can be maintained is, that Heath resigned or was removed, and that Emma C. Wright became the representative as his successor, and a party to Meath’s bill in his stead. Although these allegations are by no means distinctly made, for the .argument this may be assumed as the view most favorable to the complainants. The result is, that Emma C. Wright became the representative as the successor of Heatb. Upon this assumption she was not exempt from suit for six months after her appointment. See Minor v. Webb, 1 Heis., 395. Therefore in any aspect the bar was complete three years • from the 1st of January, 1867.
We think that there are other grounds upon which the same result may be reached. The more recent holdings have been that the statute of limitations of this character may be available by demurrer as well as by plea.*
We do not deem it necessary to notice the other *451 grounds of demurrer. Nor do we inquire whether the decree, so far as it was given in favor of the complainants, is correct, as the defendants did not appeal from this.
The decree will be affirmed and the case remanded. The costs of this court will be paid by the complainants.

 Note: Code seo. 2760 provides: “The time between the death oí a person and the grant of letters testamentary or of administration on his estate, not exceeding six months, and the six months within which a per-s mal representative is exempt from suit, is not to be taken as a part Of the time limited for commencing notions which lie against such representative.

Note. Story’s Eq. PL, sec. 484 and sec. 751, lays it down generally, that in equity the benefit of the statute of limitations may be had upon demurrer where the bill states a case within the statute.